UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY HARRISON,

          Petitioner,

    v.

DAVID PEDRO,

          Respondent.

Case No. C22-5757-BHS-MLP

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

This is a federal habeas action filed under 28 U.S.C. § 2254. Petitioner Timothy Harrison is currently confined at the Eastern Oregon Correctional Institution in Pendleton, Oregon. He seeks to challenge in his amended petition for writ of habeas corpus a 2008 judgment and sentence of the Clark County Superior Court, which is the basis of his current custody. (*See* Am. Pet. (dkt. # 10) at 1.) Respondent filed an answer to Petitioner's amended petition together with records relevant to the resolution of the petition. (*See* Answer (dkt. # 16); Rec. (dkt. # 17).) Respondent argues in his answer that this Court lacks jurisdiction over the instant petition because this is Petitioner's second petition challenging the same state court judgment and

REPORT AND RECOMMENDATION
PAGE - 1

sentence, and the Ninth Circuit Court of Appeals has not authorized the filing of a successive petition. (*See* Answer at 4-6.) Petitioner has not filed a response to the answer.

This Court, having reviewed Petitioner's amended petition, Respondent's answer, and the balance of the record, concludes that it lacks jurisdiction over Petitioner's federal habeas petition because the petition is successive under 28 U.S.C. § 2244(b). The Court therefore recommends that the petition be transferred to the Ninth Circuit pursuant to 28 U.S.C. § 1631 and Ninth Circuit Rule 22-3.

## II.   GROUND FOR RELIEF

Petitioner sets forth a single ground for relief in his amended petition for writ of habeas corpus:

> Petitioner contends the Washington Court of Appeals and Supreme Court erred in dismissing his personal restraint petition challenging the 1988 sodomy conviction which was used as the presistent [sic] offense "strike["] to have gave [sic] petitioner a life sentence, thus causing his sentencing to be invalid and unconstitutional based on the change in the "new rule of law" pursuant to *Ramos v. Louisiana*, 140 S. Ct. 1390[,] 260 L 2d [sic] 583 (2020), where the court held that a unanimous jury verdict is required by the 6th Amendment of the United States Constitution as a matter of due process.

(Am. Pet. at 6-7.)

## III.   DISCUSSION

In March 2008, Petitioner was convicted in Clark County Superior Court on a charge of assault in the second degree (domestic violence). (*See* Am. Pet. at 1; Rec., Ex. 1.) He was thereafter found to be a persistent offender, and in April 2008, he was sentenced under RCW 9.94A.570 to a term of life in prison without the possibility of release. (*Id*.) Petitioner appealed, and the Washington Court of Appeals issued an unpublished opinion affirming his conviction and sentence in January 2010. *See State v. Harrison*, 154 Wn. App. 1007 (2010). Petitioner

REPORT AND RECOMMENDATION
PAGE - 2

sought further review in the Washington Supreme Court, and the Supreme Court denied review in June 2010. *See State v. Harrison*, 168 Wn.2d 1041 (2010).

In September 2013, Petitioner filed a federal habeas petition in this Court challenging his 2008 Clark County judgment and sentence. *See Harrison v. Obenland*, C13-5839-BHS, dkt. # 1. The petition was dismissed in March 2014, after the Court determined that it was time-barred under the federal statute of limitations, 28 U.S.C. § 2244(d). (*See* Rec., Exs. 2-4.) The Ninth Circuit thereafter denied Petitioner a certificate of appealability. (*See id.*, Ex. 5.) Petitioner filed the instant action challenging the same 2008 Clark County judgment and sentence in October 2022. (*See* dkt. # 1.)

By statute, this Court is without jurisdiction to consider a second or successive habeas petition until the Ninth Circuit has authorized its filing. *See* 28 U.S.C. § 2244(b); Ninth Circuit Rule 22-3. Section 2244(b)(3)(A) provides that *before* a second or successive habeas petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2244(b)(3)(A) thus creates a "gatekeeping" mechanism at the appellate court for the consideration of second or successive applications in the district courts. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). The federal appellate court may authorize the filing of a second or successive application for habeas relief only if it determines that the applicant has made a prima facie showing that the application satisfies the requirements set forth in 28 U.S.C. § 2244(b)(2).

It is clear from Respondent's exhibits and this Court's records that Petitioner has filed a previous federal habeas petition challenging the same 2008 Clark County Superior Court judgment and sentence at issue in this action, and that the prior petition was dismissed as time-barred under the federal statute of limitations. The instant petition is therefore a second or

REPORT AND RECOMMENDATION
PAGE - 3

successive one, and this Court is without jurisdiction to consider it until the Ninth Circuit has authorized its filing. *See* 28 U.S.C. § 2244(b); *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (holding that dismissal for failure to comply with one-year statute of limitations renders subsequent petitions challenging the same conviction or sentence "second or successive" under § 2244(b)); *Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1029 (C.D. Cal. 2003) (same).

Petitioner makes no showing that the Ninth Circuit has authorized the filing of the instant petition. This Court may therefore dismiss the petition for lack of jurisdiction. In the alternative, this Court may transfer the petition to the Ninth Circuit for consideration as an application for leave to file a successive petition. *See* Ninth Circuit Rule 22-3(a). This Court deems it appropriate to transfer the petition rather than dismiss it.

## IV.   CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's amended petition for writ of habeas corpus be transferred to the Ninth Circuit pursuant to 28 U.S.C. § 1631 and Ninth Circuit Rule 22-3, and that the file be administratively closed without deciding whether the petition should be dismissed. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 24, 2023**.

//

REPORT AND RECOMMENDATION
PAGE - 4

DATED this 28th day of February, 2023.

*/s/ Michelle L. Peterson*
MICHELLE L. PETERSON
United States Magistrate Judge